Foster, P. J.
(dissenting). Appellant, a boy fifteen years of age, has been committed to the State Agricultural and Industrial School at Industry, New York, upon the finding that he is a delinquent child. He was found delinquent for having violated subdivision 3 of section 1052 of the Penal Law, in that he fatally wounded another boy with a .22 calibre rifle. The facts developed upon a hearing in Children’s Court, Fulton County, are substantially as follows:
The alleged delinquent was hunting on the farm of his grandfather, and was armed with a .22 calibre rifle. The boy who was fatally injured was fishing with another boy in a stream below a pond on the premises. With the intent to scare these boys appellant fired his rifle, from a prone position, at the top of a pole which stood upon the dam across the outlet of the pond. From this position he could not see the two boys who were Ashing. He aimed at a knot about two feet below the top of the pole. The testimony indicates the height of the pole to *255 have been eleven and a half feet above the ground, and fourteen feet, eight inches above the surface of the stream. In some manner the bullet from appellant’s rifle was deflected, apparently by a twig, and struck one of the other boys in the head, fatally wounding him.
Under section 1052 of the Penal Law, manslaughter in the second degree may be committed: “3. By any act, procurement or culpable negligence of any person, which, according to the provisions of this article, does not constitute the crime of murder in the first or second degree, nor manslaughter in the first degree # *
Section 486 of the Penal Law provides in part: “ The word ‘ delinquent ’ shall include any child over seven and under sixteen years of age (a) who violates any law of this state or of the United States or any municipal ordinance or who commits any act which if committed, by an adult would be a crime * * (Emphasis supplied.)
The Children’s Court found appellant guilty of such culpable negligence as would have justified the conviction of an adult of the crime of manslaughter in the second degree. If the language quoted is to be followed literally perhaps such an adjudication was justified, but I am riot persuaded that the framers of the statute ever intended that the concept of culpable negligence, as applied to the conduct of adults, should also be applied to the conduct of children. It runs counter to the generally accepted rule that the acts of a boy, so far as negligence is concerned, are not to be judged by adult standards, but in accordance with the boy’s age and his apparent judgment.
I can find no authoritative case where the culpable negligence rule has been applied to children, but the inaptness and injustice of its application is manifest. It is common knowledge that the adventuresome activities of boys embrace innumerable acts, which, if committed by adults, would be classified without hesitation as grossly negligent. Boys engage in mimic warfare, occasionally throw stones at each other, and quite often assault one another in various ways. If, in the course of such ventures, one boy is fatally injured, may the guilty boy be adjudged a delinquent solely because under the same circumstances an adult might be found guilty of culpable negligence? I find it difficult to believe that the Legislature intended any such result.
I appreciate the proceedings in a Children’s Court are not classified as criminal proceedings, but incarceration is a form of punishment no matter what benign label may be attached *256 to it. And, ironically enough, in the case of an adult culpable negligence is usually a highly debatable question. (People v. Angelo, 246 N. Y. 451; People v. Pace, 220 App. .Div. 495.) Thus, a hunter shot a man, mistaking him for a fox, and though carelessness was conceded culpable negligence was not found. (People v. Wells, 186 Misc. 979.)
No one can deny that appellant’s act of shooting as he did was careless and foolish, and the consequences were extremely deplorable, but the fatal wounding was not wanton. To the contrary it was accidental. That a twig would deflect the bullet in the manner it evidently did could scarcely be foreseen by a boy of appellant’s age. Even in the case of an adult such an issue could not be treated summarily.
Since appellant was adjudged a delinquent solely on the basis indicated it is my opinion that the finding of delinquency should be reversed, the commitment set aside and the petition dismissed.
Brewster and Deyo, JJ., concur with Santry, J.; Foster, P. J., dissents, in an opinion in which Bergan, J., concurs.
Judgment affirmed. [See post, p. 934.]